UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSE S. GOLDSTEIN,

                Plaintiff,

       -against-

THE BOWERY DEFENDANTS, ET AL.,

                Defendants.

24-CV-5683 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se,* brings this complaint naming dozens of defendants. He alleges that Defendant Bowery Mission "controls a den of thieves containing murderers and rapists because of New York City being a sanctuary city . . . ." (ECF 2 at 3.) He asks the Court to order Defendants to show cause why a temporary restraining order and preliminary injunction should not issue. Plaintiff seeks an order requiring Defendants to provide him "a short term rental in Soho," his first choice, or "a quality hotel in lower Manhattan." (*Id.*)

      To obtain temporary or preliminary injunctive relief, a plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause (ECF No. 2) is denied. The Court will issue an explanatory order at a later date.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF No. 2) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 7, 2024
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge